MARSHALL, FIELD & Co. v. GEO. A. ESCH.

1. WHEN JUDGE HAS NO AUTHORITY TO ALLOW BILL OF EXCEPTIONS.

A judge of the court of common pleas has no authority to allow a bill of exceptions upon a hearing or order made by him at chambers upon a motion to dissolve an injunction.

2. PETITION IN ERROR AND APPEAL IN SAME PROCEEDING.

Where a petition in error joins in one proceeding, copies of the order of the judge dissolving an injunction at chambers and the judgment of the court upon a demurrer and an appeal is also taken from the order made at chambers, the petition in error must fail if the appeal is properly taken and perfected, because there is then no judgment to be reversed.

SCRIBNER, J. (orally.)

On March 5, 1894, Marshall Field & Co. brought an action in replevin in the court of common pleas of Erie county against certain parties doing business under the name of John J. and George A. Esch, and say therein that they are entitled to the possession of certain goods and chattels consisting of merchandise described in the petition, and that the defendants wrongfully detain the goods in question from the possession of the plaintiffs.

A writ of replevin was issued in due form and the goods seized, but they were redelivered to the defendants in virtue of sec. 5820, Rev. Stat., as amended April 3, 1891; the property to be retained by the defendants until the determination of the action. On March 8, 1894, two days after the commencement of the action, the plaintiffs filed a supplemental petition in which they set forth the seizure of the property in question and its redelivery to the defendants upon their giving the bond provided for by the statute, but they alleged that contrary to the conditions of their said bond and the requirements of the law aforesaid

said defendants are threatening to sell, and are about to sell the property so replevied and have advertised to sell the same, commencing on March 10th, contrary to the provisions and requirements of the statute and the condition of said bond. The plaintiffs further aver that it is their right to elect at the determination of the case, should the judgment be in their favor, whether they will take the goods or their value in money; and they also set forth certain matters entitling them as they claim to equitable relief. They pray that an order of injunction may be granted against the defendants, restraining them from selling or parting with the goods pending the determination of the action. Upon the same day the probate judge of Erie county allowed a temporary injunction as prayed in the petition, upon the giving of a bond in the sum of $200 by the plaintiffs in the action in conformity with the statute, and in compliance with this requirement a bond was given.

Afterwards, the parties appeared before a judge of the court of common pleas of this sub-district at chambers, and a motion of the defendants in the action to dissolve the temporary injunction which had been allowed by the judge of the probate court, was granted and the injunction was dissolved. The judge, upon making the order of dissolution, granted fifty days to the plaintiffs in the action within which to prepare and file a bill of exceptions. The journal entry of the action of the judge also shows that the defendants gave notice of their intention to appeal from the order of the court dissolving the injunction to the circuit court and fixed the bond at $200. This bond was given in conformity with the order as made by the judge and a transcript of the journal entries showing this action of the judge at chambers was filed in this court, also a certified copy of the bond given for the appeal.

Afterwards, as appears by another certified copy from the journal of the court of common pleas, the case was further heard upon the demurrer to the supplemental petition which was filed and upon which the injunction was allowed by the probate judge, which was journalized as follows:

"This day this cause came on for hearing upon the demurrer of the defendants filed March 31, 1894, to the supplemental petition of the plaintiffs, and was argued by counsel, and the court being fully advised as to the law in the premises does sustain the same, and plaintiffs not desiring to plead further in regard to the matters set forth in said supplemental petition, it is ordered by the court that plaintiffs' said pleading denominated 'amendment to and supplemental petition' be and the same is hereby dismissed at the plaintiffs' costs who are ordered to pay the same, to which ruling of the court in that behalf in sustaining said demurrer and dismissing said 'amendment to and supplemental petition' the plaintiffs then and there duly excepted, and thereupon plaintiffs also gave notice of appeal to the circuit court of Erie county, Ohio, and the court thereupon fixed the amount of the bond to be given by plaintiffs for such appeal at the sum of one hundred dollars."

The bond appears to have been given in due form as required by the statute. There is a motion by the defendants in the action to dismiss this appeal, and we think that motion must be overruled. The supplemental petition we regard as properly filed, as equitable in its nature, praying for equitable relief, and entitles the parties to be heard upon the allegations which they make. The motion of the defendants to dismiss the appeal taken from the order of the court dismissing the petition is overruled, and the case will stand for trial.

It further appears that on the hearing of the motion to dissolve the injunction at chambers before the judge of the court of common pleas a bill of exceptions was allowed and taken; also, that there is an appeal to this court by the plaintiffs from the order made at chambers dissolving the injunction; and there is also a petition in error filed with the bill of exceptions by which it is sought to reverse the order of the judge made at chambers dissolving the injunction.

It has been decided by the Supreme Court, in the case of *Sheldon* v. *McKnight*, 34 O. S., 316, that in a case of this character a judge has no authority to allow or sign a bill of exceptions upon a hearing or order made by him at chambers. I am not certain whether this ruling was reported, but we are familiar with it and know

It was made. The circuit court of Defiance county made an order disregarding a bill of exceptions so taken, and that decision is reported in the circuit court reports. The case was taken to the Supreme Court and the judgment of the circuit court was affirmed. So that we cannot regard this bill of exceptions taken upon the hearing of the motion at chambers to dissolve the injunction as of any avail.

There is also united with the proceeding in error which I have mentioned a proceeding to reverse the order and judgment of the court of common pleas dismissing the amended or supplemental petition. The petition in error joins in one proceeding copies of the order of the judge dissolving the injunction at chambers, and also the judgment of the court sustaining the demurrer to the supplemental or amended petition, and dismissing that petition. But inasmuch as in our judgment the appeal, taken from that judgment of the court brings that case into this court, it follows that the petition in error must fall, because if the appeal is properly taken and perfected here, there is no judgment of the court of common pleas to reverse on petition in error.

From these views it results that the case now stands in this court as it did in the court of common pleas. The appeal from the judgment of the court brings up the case, so that really there is nothing here to try except the cause of action set forth in the amended or supplementary petition, by which these plaintiffs enjoined the defendants from selling the goods seized pending the action of replevin. The action of replevin remains in the court of common pleas. It follows therefore that the appeal from the order of the judge of the court of common pleas made at chambers must be dismissed and the petition in error must also be dismissed.

The motion to dismiss the appeal from the judgment of the court of common pleas will be overruled.

*Phinney & Merrill*, for plaintiffs.

*King & Hull* and *H. L. Peeke*, for defendants.